UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 2 7 2023

Nathan Ochsner, Clerk of Court

TINA ROUSSELL §
   Plaintiff §
   §  CASE NUMBER:
vs. §
  §
PROCOLLECT, INC. §
&WESTERN SURETY COMPANY §
   Defendant(s)

**DEMAND FOR TRIAL BY JURY**

## COMPLAINT

This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant PROCOLLECT, INC ("Procollect" hereinafter), and WESTERN SURETY COMPANY ("Western" hereinafter) for the causes as follows:

## JURISDITCTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C 1331.
2. Venue is proper in the because the acts and transactions occurred in this district.
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).
4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## STANDING

5. Plaintiff has suffered injury in fact is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
6. The FDCPA is a strict liability statue. _Taylor v. Perrin, Landry, deLaunay & Durand._ 103 F. 3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer

1

need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); see *also Gearing v. Check Brokerage Corp.*, 233 F. 3d (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

## PARTIES

7. Plaintiff resides in Harris County.
8. Upon information and belief Procollect is a for-profit corporation and may be served by servicing its registered agent at:

    John W Bowdich
    8150 N Central Expwy suite 500
    Dallas, Tx 75206

9. Upon information and belief Western is a foreign corporation with its principal office in South Dakota and may be served by servicing its registered agent at:

    CT Corporation System
    1999 Bryan Street, Suite #900
    Dallas, Texas 75201-3136

## FACTUAL ALLEGATIONS

10. This is a lawsuit for claims under the Texas Debt Collection Act ("TDCA"), Chapter 392 of the Texas Finance Code, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.
11. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally owed to McNeese Dorms.

12. The alleged debt is thus both a "debt" as that term is defined at §1692a(5) of the FDCPA and a "consumer debt" as that term is defined at §392.001(2) of the TDCA.
13. Due to Plaintiff's financial circumstances, she could not pay the alleged debt, and the alleged debt went into default.
14. The alleged debt was subsequently assigned or transferred to Procollect for collection.
15. Procollect is in the business of collecting defaulted consumer debts originally owed to other entities. Procollect is thus a "debt collector" as that term is defined at §1692a(6) of the FDCPA and a "third-party debt collector" as that term is defined at §392.001(7) of the TDCA.
16. Procollect has filed with the Texas Secretary of State a $10,000.00 bond wherein Western Surety Company is the surety and Procollect is the principal. The bond is in favor of any person who is damaged by a violation of Procollect of Chapter 392 of the Texas Finance Code (Tex. Fin. Code §392.101(b)(1)). The liability of Western Surety Company is as surety only and may not exceed the amount of the bond (Tex. Fin. Code §392.102).
17. Procollect reported information regarding Plaintiff's alleged debt to at least one credit bureau, including a balance of $813.00, as of March 2023.
18. On or about March 14, 2023, Plaintiff sent to Procollect, by Fax, a debt validation letter contained a formal dispute of the underlying debt with McNeese Dorms.
19. The letter was received.
20. On or about March 16, 2023, Procollect sent to Plaintiff a collection letter whereby Procollect sought to collect a balance of $813.40 regarding the alleged debt.
21. The March 16, 2023 letter read in part, as follows:

**Creditor: MCNEESE HOUSING**

**Amount Due: $813.40**

"**To avoid further collection efforts please forward payment in full by return mail immediately.**"

3

22. However, the unpaid charges of the alleged debt were time barred under Texas statute of limitations. The charges accrued in 2017, more than four years before the date of the Letter.
23. The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).
24. The Letter was a form of "debt collection" as that term is defined by §392.001(5).
25. The Letter was false and misleading to the least sophisticated consumer in so much as it failed to disclose in any way the alleged debt was time barred debt and unenforceable, and that any partial payment could reinstate the applicable statute of limitations. An unsophisticated/least sophisticated consumer could easily believe that failure to pay the alleged debt could result in a lawsuit to enforce the entire balance, notwithstanding the fact that the debt is legally unenforceable.
26. Moreover, Procollect failed to advise Plaintiff of her rights under the state and federal law by written correspondence within five days after initial contact, including the right to dispute the debt.

## COUNT I- VIOLATION OF THE TEXAS DEBT COLLECTION ACT

27. Chapter 392, section 304 of the Texas Finance Code provides as follows:

**FRADULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

> **(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
> **(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

28. Procollect violated section 304 of the Texas Finance Code by the failure to disclose that the Alleged Debt was time barred and unenforceable and that any partial payment could restart the statute of limitations.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

30. **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

   **FALSE OR MISLEADING REPRESENTATIONS**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **(2) The false representation of—**
   **(A) the character, amount, or legal status of any debt;**

   **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

31. Procollect violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection of $813.40 in consumer debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

## COUNT III—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

33. **15 U.S.C. §1692f of the FDCPA provide as follows:**

   **UNFAIR PRACTICES**

   **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

34. Plaintiff alleges that the Letter constituted unfair practices in so much as it used unfair and unconscionable means to collect a time barred debt without disclosing the debt is

5

time barred and unenforceable and without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations.

## COUNT IV- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. 15 U.S.C. §1692g of the FDCPA states as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

> **(1) the amount of the debt;**
> **(2) the name of the creditor to whom the debt is owed;**
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

36. The letter on March 16, 2023 failed to provide Plaintiff with the right to dispute the debt in accordance with paragraphs 4 & 5 under 15 U.S.C. §1692g of the FDCPA.

6

Moreover, Plaintiff has information and belief that the letter of March 16, 2023 was the initial communication from Procollect.

37. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F. 2d 1222 (9th Cir 1988). The FDCPA was not "made for the protection of experts, but for the public- that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers and naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 f. 2d at 1318.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Tina Roussell, respectfully prays that PROCOLLECT, INC. ("Procollect" herein), and WESTERN SURETY COMPANY ("Western" herein), both be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally as follows:

    a. Actual and statutory damages pursuant to Texas Finance Code §392.403(a)(2);

    b. Costs pursuant to Texas Finance Code § 392.403(b);

    d. Actual and Statutory damages pursuant to 15 U.S.C. §1692k(a)(1) and (a)(2);

    e. Costs pursuant to 15 U.S.C. §1692k(a)(3); and,

    f. Such other or further relief as the Court deems proper.

Respectfully Submitted,

/s/ Tina Roussell
**TINA ROUSSELL PLAINTIIFF** *pro se*
2000 Bagby St. #13432
Houston, TX 77002
tinaroussell2323@gmail.com